IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

　　　　Plaintiff,

Vs.　　　　　　　　　　　　　　　　No. 07-40119-01-SAC

GABRIEL EMANUEL MITCHELL,

　　　　Defendant.



FEB 2 1 2008

Clerk, U.S. District Court
By: _____ Deputy Clerk

MEMORANDUM AND ORDER

　　　　The case comes before the court on the defendant's ex parte motion to reconsider and authorize funds for an investigator. (Dk. 14). On the defendant's prior ex parte motion (Dk. 12) for funds to retain an investigator, the court conducted a hearing in chambers and denied the motion for failure to show the requested services were necessary for adequate representation. (Dk. 13). The defendant asks the court to reconsider its ruling based on arguments and authorities presented in his motion. Because the defendant's motion to reconsider does not seek another ex parte hearing and because the motion advocates that no more need to be shown other than what appears in it, the court will decide the motion without an additional hearing.

　　　　The defendant explains the six-count indictment to stem from

two controlled buys and a search of the defendant's apartment. The defendant understands the government at trial will present the testimony of Bryan Brown who made both of the controlled purchases and Joseph Jackson who arranged both of the sales and allegedly involved the defendant in each sale. In possession of a statement from Bryan Brown, defense counsel is critical of its lack of detail and its inconsistencies with the defendant's version of the events. Mr. Brown is currently incarcerated in the state facility at Lansing, Kansas. The defense counsel has no statement from Joseph Jackson who was recently released from the Bureau of Prisons and works here in Topeka. The defense counsel states that he cannot provide effective assistance without interviewing these two key witnesses. The defense counsel further complains that he cannot predict what an investigator will discover and, thus, cannot specify what the investigator's testimony will likely be. Finally, counsel says he "cannot interview the witnesses alone because counsel would then be the sole witness to statements made by the key witnesses and would need to withdraw if those statements could be used to impeach the witnesses at trial." (Dk. 14, p. 8). In defense counsel's judgment, the investigative services are necessary to prepare and present an adequate defense and

cannot be accomplished by counsel.

To obtain funding for services under 18 U.S.C. § 3006A(e)(1), a "defendant must do more than allege that the services would be helpful." *United States v. Kennedy*, 64 F.3d 1465, 1470 (10th Cir. 1995) (citation omitted). It is the defendant's burden to show "the requested services are 'necessary' to present an adequate defense." *Id.* (citation omitted). This entails showing what the defendant expects to find by using the requested services and how these findings would impact preparing and presenting an adequate defense. *United States v. Kennedy*, 64 F.3d at 1470; see *United States v. Gonzales*, 150 F.3d 1246, 1251 n.4 (10th Cir. 1998), *cert. denied*, 525 U.S. 1129 (1999). The Tenth Circuit, not unlike other circuits, appears to require this showing without distinction for whether the requested services are investigative or expert in nature. *Id.*; see *United States v. Gadison*, 8 F.3d 186, 191 (5th Cir. 1993); *United States v. Goodwin*, 770 F.2d 631, 635 (7th Cir. 1985), *cert. denied*, 474 U.S. 1084 (1986); *United States v. Munoz-Mosquera*, 101 F.3d 683, 1996 WL 281591 at *1 (2nd Cir.) (Table), *cert. denied*, 519 U.S. 989 (1996); *United States v. Lancaster*, 64 F.3d 660, 1995 WL 490272 at *1-*2 (4th Cir.) (Table), *cert. denied*, 516 U.S. 925 (1995).

The defendant's motion to reconsider is deficient in not stating what the defendant expects to find by using the requested investigative services. A motion for investigative services under § 3006A need not be granted "on the off chance that the requested services might turn up something." *United States v. Gilmore*, 282 F.3d 398, 406 (6th Cir. 2002). A movant's burden is not met by "undeveloped assertions that the requested assistance would be beneficial." *Matthews v. Price*, 83 F.3d 328, 335 (10th Cir. 1996). Without knowing what the defendant expects to find, the court is left to speculate on how necessary the services are to an adequate defense.

The court also is not persuaded that necessity is shown because of the avoidable possibility of the defense counsel becoming an impeachment witness at trial:

> Appellants argue that without a private investigator, if a witness changes his testimony, "it would be ethically impossible for the attorney to impeach the witness with the prior statement since the attorney is not allowed to testify in a case where he is an advocate." *Id.*
> Such vague, non-specific claims do not satisfy the statutory requirement of necessity. . . . Even if appellants are correct that defense counsel cannot impeach a witness with counsel's own testimony, there are numerous other methods by which appellants can "lock-in" a witness' testimony. For example, counsel could take hand written notes of the interview, have the witness sign a sworn statement, record the interview, or bring a secretary or paralegal to

4

the interview. A general statement about the unreliability of . . . witnesses does not constitute necessity under section 3006A(e)(1).

*United States v. Lancaster*, 1995 WL 490272 at *1 (4th Cir. 1995) (citations and footnote omitted). If the circumstances argued by the defendant were all that was needed for investigative services under § 3006A(e)(1), it is difficult to imagine a case in which a defendant would not be entitled to a court-appointed investigator. *Id.* at *2. The defendant has not carried his burden under § 3006A(e)(1) for prior authorization of funding for requested investigative services.

IT IS THEREFORE ORDERED that the defendant's ex parte motion to reconsider and authorize funds for an investigator (Dk. 14) is denied.

IT IS FURTHER ORDERED that the clerk of the court shall file this order under seal and provide a copy only to the defendant.

Dated this 21st day of February, 2008, Topeka, Kansas.

Sam A. Crow, U.S. District Senior Judge